UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ro Cher Enterprises, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-16056 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| U.S. Environmental Protection Agency, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

I.  **Nature of the Case**

   A.  **Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.**

Plaintiff Ro Cher Enterprises, Inc.: Oliver Dunford (lead trial attorney) & Molly Nixon

Defendants Environmental Protection Agency, et al.: Phillip Dupré (lead trial attorney)

   B.  **State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. As a reminder, domicile is different than residence – the former is what counts for diversity purposes.** *See Heinen v. Northrop Grumman Corp.*, **671 F.3d 669 (7th Cir. 2012).**

Plaintiff asserts jurisdiction based on federal question jurisdiction, 28 U.S.C. § 1331.

   C.  **Provide a short overview of the case in plain English (five sentences or less).**

Plaintiff is the respondent in EPA's administrative enforcement action, *In the Matter of Ro Cher Enterprises*, EPA Docket No. TSCA-05-2023-004 (*Ro Cher Matter*). Plaintiff believes that this

action is unconstitutional and brings this collateral action, seeking temporary and permanent injunctions to enjoin EPA from continuing the *Ro Cher Matter*, as well as declaratory relief.

Defendant believes that the structure and organization of the administrative bodies for the adjudication and appeal satisfy constitutional requirements. Defendant has opposed Plaintiff's Motion for a Preliminary Injunction.

    **D.**    **Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

Plaintiff alleges here that EPA's enforcement action is unlawful because:

  (1) the official overseeing the *Ro Cher Matter* is unconstitutionally exercising power without having been validly appointed under the Appointments Clause (U.S. Const. art. II, § 2, cl. 2);
  (2) members of the Environmental Appeals Board are unconstitutionally exercising power without having been validly appointed under the Appointments Clause;
  (3) EPA, in the *Ro Cher Matter*, is unlawfully exercising the judicial power;
  (4) the *Ro Cher Matter* violates Plaintiff's right to due process of law;
  (5) the *Ro Cher Matter* violates Plaintiff's Seventh Amendment right to a jury trial; and
  (6) EPA's proposed fine violates Plaintiff's Eighth Amendment right against excessive fines.

The Defendants have not filed a response to the Complaint and therefore have not asserted any counterclaims, affirmative defenses, or jurisdictional defenses.

    **E.**    **What are the principal factual issues?**

Likely none.

    **F.**    **What are the principal legal issues?**

Whether EPA's *Ro Cher Matter* is constitutional.

    **G.**    **What relief is the plaintiff(s) seeking? Quantify the damages, if any. (A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case. This estimate will not be admissible.).**

Plaintiff seeks injunctive and declaratory relief. It does not seek damages.

    **H.**    **Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service.**

All defendants have been served.

**II.**    <u>**Discovery**</u>

    A.    Propose a discovery schedule. Include the following deadlines: (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims,

or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions. ***Fill in the blanks, below.***

Also, submit a Word version of the proposed scheduling order to Judge Seeger's proposed order inbox, Proposed_Order_Seeger@ilnd.uscourts.gov. The template is available on the Court's webpage.

| Event | Deadline |
|---|---|
| Amendment to the pleadings | n/a |
| Service of process on any "John Does" | n/a |
| Completion of Fact Discovery | n/a |
| Disclosure of Plaintiff's Expert Report(s) | n/a |
| Deposition of Plaintiff's Expert | n/a |
| Disclosure of Defendant's Expert Report(s) | n/a |
| Deposition of Defendant's Expert | n/a |
| Dispositive Motions | The Parties could not reach agreement as to when Dispositive Motions should be due. Plaintiff proposes that Dispositive Motions be due 45 days after a scheduling order adopting deadlines is entered. Defendants propose that Dispositive Motions be due 45 days after the pleadings close. |

    **B.**    **How many depositions do the parties expect to take?**

None.

  **C.** **Do the parties foresee any special issues during discovery?**

No.

  **D.** **Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?**

   **If the parties do make any proposals, be sure to include them in the proposed scheduling order that will be sent to Judge Seeger's proposed order inbox.**

The Parties anticipate filing cross-motions for Summary Judgment by the dispositive motion deadline entered by the Court. The Parties propose the following schedule and page limits:
- Plaintiff's Motion for Summary Judgment, 30 pages
- Defendants' Opposition and Cross-Motion for Summary Judgment, 30 pages, due 28 days after Plaintiff's Motion
- Plaintiff's Reply and Opposition to Defendants' Cross-Motion, 15 pages, due 28 days after Defendants' Cross-Motion
- Defendants' Reply, 15 pages, due 14 days after Plaintiffs' Reply and Opposition.

**III.** **<u>Trial</u>**

  **A.** **Have any of the parties demanded a jury trial?**

No.

  **B.** **Estimate the length of trial.**

The parties submit that this matter can be resolved based on summary judgment briefing, and they do not anticipate the need for a trial. Defendant believes summary judgment briefing should be conducted after the pleadings close.

**IV.** **<u>Settlement, Referrals, and Consent</u>**

  **A.** **Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do <u>not</u> provide any particulars of any demands or offers that have been made.)**

The parties have engaged in settlement discussions relating to Defendant EPA's underlying administrative enforcement proceeding and continue to do so. The official presiding over the *Ro Cher Matter* has directed the parties to submit a status report on March 12, 2024. The parties have not discussed settlement of Plaintiff's Complaint in this judicial case. Plaintiff has not made a written settlement demand.

      **B.**      **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

No.

      **C.**      **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.**

The parties have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment. Neither of the parties consents to that procedure.

**V.**    **<u>Other</u>**

      **A.**      **Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)**

Plaintiff submits that, as the respondent in EPA's administrative enforcement action, Plaintiff is "being subjected to an unconstitutionally structured decisionmaking process." *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 191 (2023) (cleaned up). As such, Plaintiff suffers an *ongoing* irreparable injury. And, once EPA's action ends, "it [will be] impossible to remedy" Plaintiff's injury because a "proceeding that has already happened cannot be undone." *Id*. Hence, Plaintiff's Motion for Preliminary Injunction (ECF 13, 14, 17), seeking to enjoin the EPA's administrative proceeding—at least until the Supreme Court's anticipated decision in *Jarkesy v. SEC*, No. 22-859, this term. If Plaintiff's motion is granted, or if the *Ro Cher Matter* is otherwise stayed pending *Jarkesy*, Plaintiff anticipates joining a motion by Defendants to stay additional briefing in this case until after a decision is issued *Jarkesy*.

If the preliminary injunction motion is denied and the administrative proceeding is not otherwise stayed, however, Plaintiff will remain subject to the ongoing harm of an unconstitutional administrative proceeding and would seek to continue expeditiously toward resolution of this case on summary judgment. Plaintiff notes that under Fed.R.Civ.P. 56(b), "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." As stated above, the Parties see no need for discovery. Accordingly, Plaintiff submits that this case can be resolved through dispositive-motion briefing—whether Defendants file an answer or a motion to dismiss.

      **B.**      **Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)**

Defendants submit that dispositive briefing should be deferred until after the outcome of *SEC v. Jarkesy*, No. 22-859 (argued Nov. 29, 2023), which is currently pending before the Supreme Court. The Supreme Court's decision in that case will likely impact the legal analysis that the Court must undertake with respect to two of Plaintiff's claims: (1) whether EPA, in the *Ro Cher Matter*, is

unlawfully exercising judicial power; and (2) whether the *Ro Cher Matter* violates Plaintiff's Seventh Amendment right to a jury trial. Moreover, were the Court to decide this matter prior to Supreme Court disposition of *Jarkesy*, Defendants submit the decision in *Jarkesy* would likely require supplemental briefing or additional proceedings in this case. It is an unnecessary expenditure of resources for the parties to file, and the Court to decide, these issues prior to a decision in *Jarkesy* and then do so a second time after *Jarkesy* is decided.

The Parties jointly state that they are amenable to a status conference with the Court to discuss the matters raised herein, should the Court so desire.

DATED: February 20, 2024.

Respectfully submitted,

 s/ Phillip R. Dupré
PHILLIP R. DUPRÉ
U.S. Department of Justice
Environment & Natural Resources Div.
PO Box 7611
Washington DC 20044
202-598-9530
Phillip.R.Dupre@usdoj.gov
Texas Bar No. 24069650

*Attorney for Defendants*

 s/ Oliver J. Dunford
OLIVER J. DUNFORD
Pacific Legal Foundation
4440 PGA Boulevard, Suite 307
Palm Beach Gardens, FL 33410
916.503.9060
odunford@pacificlegal.org
N.D. Ill. Bar No. 1017791

MOLLY E. NIXON
Pacific Legal Foundation
3100 Clarendon Boulevard, Suite 1000
Arlington, VA 22201
202.888.6881
mnixon@pacificlegal.org
New York Bar No. 5023940*
                    *Admitted Pro Hac Vice*

*Attorneys for Plaintiff*
*Ro Cher Enterprises, Inc.*