**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Ro Cher Enterprises, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:23-cv-16056 |
| v. | ) | |
| | ) | Honorable Steven C. Seeger |
| United States Environmental Protection | ) | |
| Agency; Michael S. Regan, Administrator; | ) | |
| Debra Shore, Regional Administrator | ) | |
| EPA Region 5; Michael D. Harris, Division, | ) | |
| Director, Enforcement and Compliance | ) | |
| Assurance Division, EPA Region 5, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER**

Pursuant to Federal Rules of Civil Procedure, Rule 7(a)(2), Defendants, United States

Environmental Protection Agency ("EPA"), Michael S. Regan, Debra Shore, and Michael D.

Harris (collectively, the "United States"), by and through its undersigned counsel, for its Answer

states the following:

The allegations in the four unnumbered paragraphs at the beginning of Plaintiff's

Complaint state general information in the form of a synopsis of the case to which no responsive

pleading is required. To the extent a response to these specific unnumbered, introductory

paragraphs is required, the United States denies these allegations and the characterization that

Plaintiff has attempted to cast over this matter.

1.      The allegations in Paragraph 1 are legal conclusions based on a federal court decision,

        *Axon Enter., Inc. v. FTC*, 598 U.S. 175 (2023), which judicial decision speaks for

itself and is the best evidence of its content, and to which no responsive pleading is required.

2. The allegations in Paragraph 2 are legal conclusions based on the United States Constitution, which speaks for itself and is the best evidence of its content and to which no responsive pleading is required.

3. The allegations in Paragraph 3 are legal conclusions based on 28 U.S.C. §§ 2201 and 2202 and 28 U.S.C. § 1361, which speak for themselves and are the best evidence of their content and to which no responsive pleading is required.

4. The allegations in Paragraph 4 are legal conclusions based on 28 U.S.C. § 1391(e), which speaks for itself and is the best evidence of its content and to which no responsive pleading is required.

5. The United States admits the allegations in Paragraph 5.

6. The United States admits the allegations in Paragraph 6.

7. The United States admits that Defendant Michael S. Regan is the Administrator of EPA.

8. The United States admits that Defendant Debra Shore is the Regional Administrator of EPA Region 5.

9. The United States admits that Defendant Michael D. Harris is the Director of the Enforcement and Compliance Assurance Division in EPA Region 5.

10. The United States admits that Plaintiff, Ro Cher, is owned by Roger and Cheryl Janakus, husband and wife. The United States lacks knowledge or information sufficient to form a belief as to truth of when Plaintiff was formed and therefore can neither admit nor deny the allegations in Paragraph 10.

11.    The United States lacks knowledge or information sufficient to form a belief as to Mr.

Roger Janakus' employment history or the history of why Mr. and Mrs. Janakus

formed Ro Cher and therefore can neither admit nor deny the allegations in Paragraph

11.

12.    The United States admits that Plaintiff sells doors and windows in Downers Grove,

Illinois. The United States lacks knowledge or information related to the number or

type of employees Plaintiff employs and therefore can neither admit nor deny the

allegations in Paragraph 12.

13.    The United States denies the allegations in Paragraph 13.

14.    The United States denies the allegations in Paragraph 14.

15.    The United States denies the allegations in Paragraph 15.

16.    The United States lacks knowledge or information related to the allegations in

Paragraph 16 and therefore can neither admit nor deny the allegations in Paragraph

16.

17.    The United States admits that EPA Region 5 Director for the Enforcement and

Compliance Division signed an administrative complaint seeking civil penalties

through an administrative enforcement action assigned to an EPA Administrative

Law Judge, and that any appeal of an initial decision by the Administrative Law

Judge would be subject to appeal to EPA's Environmental Appeals Board.  The

United States admits that neither the proceeding before the Administrative Law Judge

nor the proceeding before the Environmental Appeals Board is in an Article III Court.

The remainder of the allegations in Paragraph 17, are conclusions of law to which no

responsive pleading is required.

18.     The United States admits that Defendant, Michael D. Harris, signed an administrative

        complaint against Plaintiff, and that Plaintiff's Exhibit 1 appears to be a true and

        correct copy of that administrative complaint.

19.     The United States admits the allegations in Paragraph 19.

20.     Paragraph 20 purportedly quotes statutory language, which speaks for itself and is the

        best evidence of its contents and to which no responsive pleading is required.

21.     Paragraph 21 purportedly quotes statutory language, which speaks for itself and is the

        best evidence of its contents and to which no responsive pleading is required.

22.     The United States admits the allegations in Paragraph 22.

23.     Paragraph 23 purportedly quotes both statutory and regulatory language, which speak

        for themselves and are the best evidence of their contents and to which no responsive

        pleading is required.

24.     Paragraph 24 purportedly quotes regulatory language, which speaks for itself and is

        the best evidence of its contents and to which no responsive pleading is required.

25.     Paragraph 25 purports to summarize statutory and regulatory language, which speaks

        for itself and is the best evidence of its contents and to which no responsive pleading

        is required.

26.     Paragraph 26 purportedly quotes statutory language, which speaks for itself and is the

        best evidence of its contents and to which no responsive pleading is required.

27.     The United States admits the allegations in Paragraph 27.

28.     Paragraph 28 purports to summarize EPA's administrative complaint, which speaks

        for itself and is the best evidence of its contents and to which no responsive pleading

        is required.

29. Paragraph 29 purports to summarize EPA's administrative complaint, which speaks for itself and is the best evidence of its contents and to which no responsive pleading is required.

30. Paragraph 30 purports to summarize EPA's administrative complaint, which speaks for itself and is the best evidence of its contents and to which no responsive pleading is required.

31. Paragraph 31 purports to summarize EPA's administrative complaint, which speaks for itself and is the best evidence of its contents and to which no responsive pleading is required.

32. Paragraph 32 purports to summarize EPA's administrative complaint, which speaks for itself and is the best evidence of its contents and to which no responsive pleading is required.

33. Paragraph 33 purports to summarize EPA's administrative complaint, which speaks for itself and is the best evidence of its contents and to which no responsive pleading is required.

34. Paragraph 34 purportedly quotes the U.S. Constitution, which speaks for itself and is the best evidence of its contents and to which no responsive pleading is required.

35. Paragraph 35 purportedly quotes the U.S. Constitution, which speaks for itself and is the best evidence of its content and to which no responsive pleading is required.

36. Paragraph 36 contains legal conclusions, to which no responsive pleading is required.

37. Paragraph 37 contains legal conclusions, to which no responsive pleading is required.

38. Paragraph 38 contains legal conclusions, to which no responsive pleading is required.

39. Paragraph 39 contains legal conclusions, to which no responsive pleading is required.

40.    Paragraph 40 contains legal conclusions, to which no responsive pleading is required.

41.    The United States admits that EPA was established through Reorganization Plan No. 3 of 1970. The remainder of Paragraph 41 contains a legal conclusion to which no responsive pleading is required.

42.    The United States admits the allegations in Paragraph 42.

43.    The United States admits the allegations in Paragraph 43.

44.    The United States admits the allegations in Paragraph 44.

45.    The United States admits that Defendant Michael D. Harris signed the Administrative Complaint in the below matter.

46.    Paragraph 46 purports to summarize federal regulations, which speak for themselves and are the best evidence of their content and to which no responsive pleading is required.

47.    Paragraph 47 purports to summarize federal regulations, which speak for themselves and are the best evidence of their content and to which no responsive pleading is required.

48.    The United States admits the allegations in Paragraph 48.

49.    The United States admits that Chief Administrative Law Judge Susan L. Biro was designated to preside over the underlying administrative action against Ro Cher.

50.    The United States admits that ALJ Biro was appointed to office by EPA's Administrator.

51.    The United States admits the allegations in Paragraph 51.

52.    Paragraph 52 purports to summarize a federal statute, which speaks for itself, is the best evidence of its content and to which no responsive pleading is required.

53.    Paragraph 53 purports to summarize federal regulations, which speak for themselves and are the best evidence of their content and to which no responsive pleading is required.

54.    Paragraph 54 purports to summarize federal regulations, which speak for themselves and are the best evidence of their content and to which no responsive pleading is required.

55.    Paragraph 55 purports to summarize federal regulations, which speak for themselves and are the best evidence of their content and to which no responsive pleading is required.

56.    The United States admits the allegations in Paragraph 56.

57.    The United States admits the allegations in Paragraph 57.

58.    The United States admits the allegations in Paragraph 58.

59.    Paragraph 59 purports to summarize federal regulations, which speak for themselves and are the best evidence of their content and to which no responsive pleading is required.

60.    The United States admits the allegations in Paragraph 60.

61.    Paragraph 61 purports to summarize federal regulations, which speak for themselves and are the best evidence of their content and to which no responsive pleading is required.

62.    Paragraph 62 purports to summarize federal regulations, which speak for themselves and are the best evidence of their content and to which no responsive pleading is required.

63. Paragraph 63 purports to summarize a federal statute, which speaks for itself and is the best evidence of its content and to which no responsive pleading is required.

64. The United States denies the allegations in Paragraph 64.

65. The United States denies the allegations in Paragraph 65, but admits that administrative review of initial decisions is carried out by EPA's Environmental Appeals Board.

66. The United States denies the allegations in Paragraph 66.

67. The United States admits that Ro Cher is currently subject to ALJ Biro's authority in the administrative adjudication, but denies the allegations in the remainder of Paragraph 67 as conclusions of law to which no response is required.

68. The United States denies the allegations in Paragraph 68.

69. The United States denies the allegations in Paragraph 69.

70. The United States denies the allegations in Paragraph 70.

71. The United States denies the allegations in Paragraph 71.

72. The United States admits the allegations in Paragraph 72.

73. The United States denies the allegations in Paragraph 73.

74. The United States denies the allegations in Paragraph 74.

75. The allegations in Paragraph 75 are legal conclusions, to which no responsive pleading is required.

76. The allegations in Paragraph 76 are legal conclusions, to which no responsive pleading is required.

77. The allegations in Paragraph 77 are legal conclusions, to which no responsive pleading is required.

78.     The allegations in Paragraph 78 are legal conclusions, to which no responsive pleading is required.

79.     The allegations in Paragraph 79 are legal conclusions, to which no responsive pleading is required.

80.     The allegations in Paragraph 80 are legal conclusions, to which no responsive pleading is required.

81.     The United States denies the allegations in Paragraph 81.

82.     Paragraph 82 is an incorporation by reference, to which no responsive pleading is required. To the extent a responsive pleading is required, the United States reincorporates all previous responses in this Answer as though fully set forth herein.

83.     The United States admits that EPA administrative proceedings are conducted under the Administrative Procedure Act, 5 U.S.C. §§ 551– 59, and the procedures set forth in 40 C.F.R. Pt. 22.

84.     The United States admits that Susan L. Biro is the Chief ALJ for the EPA.

85.     The allegation in Paragraph 85 that "EPA ALJs possess significant and continuing federal authority" is a legal conclusion, to which no responsive pleading is required. The United States admits that ALJs are authorized to, *inter alia*, conduct administrative hearings pursuant to 40 C.F.R. Pt. 22, admit or exclude evidence, and hear and decide questions of facts, law, or discretion. *See* 40 C.F.R. § 22.4(c)(1)-(10).

86.     The United States admits the allegations in Paragraph 86.

87.     The United States admits the allegations in Paragraph 87.

88.     The United States denies the allegations in Paragraph 88.

89.     The United States denies the allegations in Paragraph 89.

90.    The United States admits the allegations in Paragraph 90.

91.    The United States admits that Ms. Biro was not appointed as a principal officer but otherwise denies the allegations in Paragraph 91.

92.    The United States denies the allegations in Paragraph 92.

93.    The United States denies the allegations in Paragraph 93.

94.    The United States denies the allegations in Paragraph 94.

95.    The United States denies the allegations in Paragraph 95.

96.    The United States denies the allegations in Paragraph 96.

97.    The United States denies the allegations in Paragraph 97.

98.    Paragraph 98 is an incorporation by reference, to which no responsive pleading is required. To the extent a responsive pleading is required, the United States reincorporates all previous responses in this Answer as though fully set forth herein.

99.    Paragraph 99 purports to summarize regulatory and statutory language, which speaks for itself and is the best evidence of its content, and to which no responsive pleading is required.

100.   Paragraph 100 purports to summarize statutory language, which speaks for itself and is the best evidence of its content, and to which no responsive pleading is required.

101.   The United States denies the allegations in Paragraph 101.

102.   Paragraph 102 calls for a legal conclusion to which no responsive pleading is required.

103.   Paragraph 103 calls for a legal conclusion to which no responsive pleading is required.

104.   The United States denies the allegations in Paragraph 104.

105.    The United States denies the allegations in Paragraph 105.

106.    The United States admits the allegations in Paragraph 106.

107.    The United States denies the allegations in Paragraph 107.

108.    The United States denies the allegations in Paragraph 108.

109.    The United States denies the allegations in Paragraph 109.

110.    The United States denies the allegations in Paragraph 110.

111.    The United States denies the allegations in Paragraph 111.

112.    The United States denies the allegations in Paragraph 112.

113.    Paragraph 113 is an incorporation by reference, to which no responsive pleading is
required. To the extent a responsive pleading is required, the United States
reincorporates all previous responses in this Answer as though fully set forth herein.

114.    Paragraph 114 purports to quote the U.S. Constitution, which speaks for itself and is
the best evidence of its content, and to which no responsive pleading is required.

115.    Paragraph 115 calls for a legal conclusion to which no responsive pleading is
required.

116.    The United States admits that it seeks an administrative determination that Plaintiff
violated the Toxic Substances Control Act ("TSCA").

117.    The United States admits the allegations in Paragraph 117.

118.    The United States denies the allegations in Paragraph 118.

119.    Paragraph 119 calls for a legal conclusion to which no responsive pleading is
required.

120.    Paragraph 120 calls for a legal conclusion to which no responsive pleading is
required.

121.    The United States admits that Chief ALJ Susan L Biro was designated to preside over the underlying administrative matter.

122.    The United States admits the allegations in Paragraph 122.

123.    The United States admits the allegations in Paragraph 123.

124.    The United States admits the allegations in Paragraph 124.

125.    The United States admits the allegations in Paragraph 125.

126.    The United States admits the allegations in Paragraph 126.

127.    The United States admits the allegations in Paragraph 127.

128.    The United States denies the allegations in Paragraph 128.

129.    Paragraph 129 in an incorporation by reference, to which no responsive pleading is required. To the extent a responsive pleading is required, the United States reincorporates all previous responses in this Answer as though fully set forth herein.

130.    Paragraph 130 purports to quote the U.S. Constitution, which speaks for itself and is the best evidence of its content, and to which no responsive pleading is required.

131.    Paragraph 131 is a legal conclusion, to which no responsive pleading is required.

132.    Paragraph 132 purports to quote the U.S. Constitution, which speaks for itself and is the best evidence of its content, and to which no responsive pleading is required.

133.    Paragraph 133 calls for a legal conclusion to which no responsive pleading is required.

134.    The United States admits that EPA Region 5 seeks an administrative order and judgment for alleged violations of TSCA and that EPA Region 5 is seeking a civil penalty up to $46,989 per violation per day.

135.    The United States denies the allegations in Paragraph 135.

136.    Paragraph 136 calls for a legal conclusion to which no responsive pleading is required.

137.    Paragraph 137 calls for a legal conclusion to which no responsive pleading is required.

138.    The United States denies the allegations in Paragraph 138.

139.    The United States admits that Chief ALJ Susan L. Biro was designated to preside over the underlying administrative matter.

140.    The United States admits the allegations in Paragraph 140.

141.    The United States admits the allegations in Paragraph 141.

142.    The United States admits the allegations in Paragraph 142.

143.    The United States admits the allegations in Paragraph 143.

144.    The United States admits the allegations in Paragraph 144.

145.    The United States admits the allegations in Paragraph 145.

146.    The United States denies the allegations in Paragraph 146.

147.    The United States denies the allegations in Paragraph 147.

148.    The United States denies the allegations in Paragraph 148.

149.    The United States denies the allegations in Paragraph 149 but admits that EPA's Consolidated Rules of Practice differ from the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

150.    Paragraph 150 cites regulatory language, which speaks for itself and is the best evidence of its content, and to which no responsive pleading is required.

151.    Paragraph 151 characterizes regulatory language, which speaks for itself and is the best evidence of its content, and to which no responsive pleading is required.

152.    The United States denies the allegations in Paragraph 152.

153.    The United States denies the allegations in Paragraph 153.

154.    Paragraph 154 in an incorporation by reference, to which no responsive pleading is required. To the extent a responsive pleading is required, the United States reincorporates all previous responses in this Answer as though fully set forth herein.

155.    Paragraph 155 cites to the U. S. Constitution, which speaks for itself and is the best evidence of its content, and to which no responsive pleading is required.

156.    The United States denies the allegations in Paragraph 156.

157.    The United States denies the allegations in Paragraph 157.

158.    The United States admits that in the underlying administrative matter, Defendant EPA alleged that Plaintiff violated TSCA for which the agency seeks imposition of an administratively assessed civil penalty.

159.    The United States denies the allegations in Paragraph 159.

160.    The United States denies the allegations in Paragraph 160.

161.    The United States denies the allegations in Paragraph 161.

162.    The United States denies the allegations in Paragraph 162.

163.    Paragraph 163 in an incorporation by reference, to which no responsive pleading is required. To the extent a responsive pleading is required, the United States reincorporates all previous responses in this Answer as though fully set forth herein.

164.    Paragraph 164 cites to the U.S. Constitution, which speaks for itself and is the best evidence of its content, and to which no responsive pleading is required.

165.    Paragraph 165 is a legal conclusion, to which no responsive pleading is required.

166. Paragraph 166 purports to summarize EPA's administrative complaint, which speaks for itself and is the best evidence of its contents and to which no responsive pleading is required.

167. Paragraph 167 purports to summarize EPA's administrative complaint, which speaks for itself and is the best evidence of its contents and to which no responsive pleading is required.

168. The United States denies the allegations in Paragraph 168.

169. The United States denies the allegations in Paragraph 169.

170. The United States denies the allegations in Paragraph 170.

## REQUEST FOR RELIEF

The allegations set forth in paragraphs 1 through 9 of this section of the Complaint are requests for relief, to which no responsive pleading is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief at all on the Counts in the Complaint.

## GENERAL DENIAL

To the extent that the United States has not admitted or specifically responded to any allegations of the Complaint, the United States denies such allegation(s).

## FIRST DEFENSE

Plaintiff failed to show that this Court has subject matter jurisdiction over each and every Count in the Complaint.

## SECOND DEFENSE

Plaintiff failed to state a claim upon which relief can be granted for each and every Count in the Complaint.

## THIRD DEFENSE

Plaintiff failed to show that its claims for relief are presently justiciable for each and every Count in the Complaint.

## FOURTH DEFENSE

Plaintiff failed to show that it exhausted all available remedies for each and every Count in the Complaint.

## FIFTH DEFENSE

The United States reserves the right to amend this Answer and to add additional defenses if they and when they become apparent, to the extent required by law or rule.


WHEREFORE, having fully answered, the United States prays that this action be dismissed, that judgment be entered in favor of the United States, and that the Court grant such other and further relief as it may deem just and appropriate.


Dated: March 19, 2024                    Respectfully submitted,

                                         TODD KIM
                                         Assistant Attorney General
Of Counsel:                              Environment & Natural Resources Division

                                         s/ Phillip R. Dupré
ELIZABETH HUSTON                         PHILLIP R. DUPRÉ
STEPHEN SWEENEY                          TX Bar No. 24069650
Environmental Protection Agency          Environmental Defense Section
Office of General Counsel                P.O. Box 7611
1200 Pennsylvania Ave NW                 Ben Franklin Station
Washington, DC 20460                     Washington, D.C. 20044
                                         Tel. (202) 598-9530
                                         phillip.r.dupre@usdoj.gov

                                         Counsel for Defendants